IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KENNETH KIRK, an individual

    Plaintiff,

v.

MUTUAL OF ENUMCLAW INSURANCE,

    Defendant.

Case No. 6:18-cv-02092-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Kenneth Kirk brings this breach of contract action against his homeowner's insurance company, Mutual of Enumclaw Insurance (MOE). Pending before the Court are cross motions for summary judgment. Kirk argues that MOE wrongfully failed to pay his claim following the theft of Kirk's personal property. MOE argues Kirk's claim is barred under the theft exclusion of the policy because Kirk's ex-wife, who committed the theft, is named as an insured on the policy. Because the theft exclusion precludes coverage for theft committed by an insured, MOE's motion for summary judgment, ECF No. 15, is GRANTED.

1 – OPINION AND ORDER

# BACKGROUND

MOE insured Kirk under a homeowner's insurance policy ("the policy"). When Kirk filed the claim on February 14, 2018, the policy was in full force and effect. The policy listed Kenneth Kirk and his then-wife Joli Kirk as "insured" parties on the declarations page of the policy, and both remained listed on the policy on the date that Kirk filed his insurance claim. Events leading up to the dispute at issue are as follows[1]:

| Date | Event |
| --- | --- |
| Nov. 19, 2017 | Kirk's then wife made a domestic abuse allegation and received a no-contact order, effectively excluding Kirk from entering within a mile of the home or the property contained therein. |
| Dec. 13, 2017 | Kirk filed a petition for dissolution of marriage. |
| Feb. 6, 2018 | Lane Co. Circuit Court entered judgment on petition for dissolution of marriage and granted Kirk the residence and all personal property located therein. |
| Feb. 14, 2018 | Lane Co. Sheriff executed a writ of assistance, returning possession of the premises to Kirk. Kirk then filed his insurance claim. |
| On or about Apr. 5, 2018 | Kirk filed a motion to show cause in Lane Co. Circuit Court against his now ex-wife for theft of property. |
| May 30, 2018 | Kirk received a default judgment against his ex-wife for property theft in the amount of $81,800. |
| Nov. 16, 2018 | After receiving Kirk's claim for stolen property, MOE stated that any reimbursement would be limited to property not listed in the default judgment against Kirk's ex-wife. |
| Nov. 19, 2018 | MOE issues payment to Kirk for $5,986.90. |

MOE ultimately paid Kirk $5,986.90 on his claim for $67,765.79. Stipulation ¶¶ 11, 13. MOE declined to pay for any items included in the default judgment based on its interpretation that Joli Kirk was a named insured on the policy when the theft occurred. Stipulation ¶ 12, ECF

---

[1] *See* Stipulation 1-3, ECF No. 11.

2 – OPINION AND ORDER

No. 11. Instead, Defendant reimbursed only those items reported stolen that were excluded from the list at Lane County Circuit Court's show cause hearing. *Id.* The outstanding amount MOE refused to pay totals $59,278.89.[2] Stipulation ¶ 14, ECF No. 11. Kirk filed this action for breach of contract. Kirk and MOE each filed cross-motions for summary judgment.

## STANDARDS

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

This case turns on the interpretation of an insurance policy. Therefore, I must ascertain the intention of the parties to the policy. *Hoffman Constr. Co. of Alaska v. Fred S. James & Co. of Oregon*, 313 Or. 464, 469 (1992). I first turn to the language of the policy. *Id.* (citing ORS 742.016 (except in cases not relevant here, "every contract of insurance shall be construed

---

[2] Although $59,278.89 is the portion of the claim that went unpaid, Plaintiff's complaint seeks $81,800 and additional fees. Pl.'s Compl. 5, ECF No. 1.

3 – OPINION AND ORDER

according to the terms and conditions of the policy.")). If the terms and conditions of the policy are ambiguous following a plain meaning review, the court considers the terms and conditions in the particular context used and then, if necessary, in the context of the policy as a whole. *Id.* at 470. If any ambiguity remains—meaning if two or more plausible interpretations of the term remain—the court resolves the ambiguity against the drafter and in favor of the insured. *Id.* Courts examine the policy language from the perspective of the ordinary purchaser of insurance. *N. Pac. Ins. Co., v. Am. Mfrs. Mut. Ins. Co.*, 200 Or. App. 473, 478 (2005).

The policy at issue states that MOE insures against several named perils and outlines the conditions and exclusions for coverage against those perils. The named peril at issue here is the theft provision, the pertinent parts of which appear below:

> **Coverage C – Personal Property**
>
> **We insure** for direct physical loss to the property described in Coverage C caused by the following perils, unless the loss is excluded below, or unless the loss is excluded in Section I – Exclusions.
>
> .  .  .
>
> 9. **Theft,** including attempted theft and loss of property from a known place when it is likely that the property has been stolen.
>
> **Exclusion**
>
> This peril does not include loss caused by theft:
>
> >   a.  Committed by an **"insured"** . . .

Stipulation Ex. 1, at 18, ECF No. 11-1.

Stated another way, the policy covers theft only if the culprit is not an insured on the policy.[3] The policy also dictates that "[i]n this policy, 'you' and 'your' refer to the 'named

---

[3] The policy also excludes coverage for theft in certain situations not at issue here. *See* Stipulation Ex. 1, at 18, ECF No. 11-1.

4 – OPINION AND ORDER

"**insured**"' shown in the Declarations and the spouse if a resident of the same household." *Id.* at 11. Kirk raises two arguments for how the policy should be interpreted. First, he claims Joli Kirk was not an "insured" on the policy because she lacked any insurable interest in the property when the insurance claim was filed. Pl.'s Mot. for Summ. J. 4-8, ECF No. 13. Second, Kirk claims the theft provision's use of the article "an" creates an ambiguity and Oregon public policy favors an interpretation allowing recovery for an "innocent co-insured." *Id.* at 8-11. The Court addresses each argument in turn.

**I. JOLI KIRK WAS "AN INSURED" WHEN PLAINTIFF FILED THE INSURANCE CLAIM.**

Kirk first argues that Joli Kirk's insurable interest in the property, and consequently her status as an insured, ceased to exist once their divorce decree was entered on Feb. 5, 2018. *Id.* at 7. MOE asserts that Joli Kirk remained an insured so long as her name appeared on the insurance policy's declarations page, even if she no longer had an insurable interest in the property. Def.'s Mot. for Summ. J. 3, ECF No. 15. Per Oregon's rules of contract interpretation, this Court first conducts a plain meaning review of the insurance policy's terms and conditions. *Hoffman*, 313 Or. at 469. If only one plausible interpretation exists, the Court need look no further in its analysis.

Here, the policy's language is clear as to who is an insured. The policy defines "insured" as "you and residents of your household . . . " while also clarifying that "'you' and 'your' refer to the 'named **"insured"**' shown in the Declarations . . . ." Stipulation Ex. 1, at 11, ECF No. 11-1. The "Corrected Renewal Homeowners Policy Declarations" page lists both Kenneth Kirk and Joli Kirk as insured parties. *Id.* at 7, ECF No. 11-1. The record further indicates that both Joli Kirk and Kenneth Kirk were still listed as the named insureds when Plaintiff filed his insurance

claim. *Id.*. at 1, ECF No. 11-1. Based upon the plain meaning of the language contained within the insurance policy, there is no ambiguity as to Joli Kirk being listed as an insured on the policy on the date Kirk filed the claim.

Kirk asks the Court to look beyond the language of the policy, however, and to consider the effect of ORS § 742.011 on the policy at issue. Pl.'s Mot. for Summ. J. 6-7, ECF No. 13. ORS § 742.011 states: "No policy of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss." In other words, insurance policies will only reimburse those policy holders who possess an insurable interest. Kirk suggests ORS § 742.011 requires that "[o]nly persons with an insurable interest may be named insured on property . . . ," *Id.* at 7, ECF No. 13, yet nowhere in the statute's language does it state who may or may not be a named insured on any insurance policy.

As MOE's response points out, the true purpose of ORS § 742.011 is to prevent parties lacking any insurable interest in property from taking out insurance policies against that property. Def.'s Resp. to Pl.'s Mot. for Summ. J. 3, ECF No. 17. This practice is designed to prevent individuals from wagering that something bad will occur to a piece of property they do not own, then taking out a policy against that property in the hopes that such an event does occur. *Id.* Kirk's argument that Joli Kirk lacked an insurable interest is irrelevant to the dispute at issue because she is not seeking to enforce the insurance policy. Because Joli Kirk is not seeking to enforce the policy for her own benefit, ORS § 742.011 is not applicable. Lacking an insurable

interest in the property at issue does not affect Joli Kirk's status as a named insured on the policy for the purpose of the theft exclusion for a theft committed by "an insured."[4]

## II. THE POLICY'S USE OF "AN" CREATES NO AMBIGUITY THAT WOULD ALLOW PLAINTIFF TO RECOVER AS AN "INNOCENT CO-INSURED."

Kirk next argues the theft provision's use of the article "an" creates an ambiguity that ought to be resolved in his favor. The insurance policy provides coverage for theft, yet excludes that coverage if the act is "committed by an **'insured[.]'**" Stipulation Ex. 1, at 18, ECF No. 11-1. Since Joli Kirk was an insured at the time the insurance claim was filed, a plain language reading of this exclusion confirms that MOE's failure to reimburse Kirk for Joli's theft is in accordance with the terms and conditions of the policy.

Kirk asserts, however, that because the policy refers to "the" insured and "any" insured a number of times throughout the document, an ambiguity arises when the theft provision refers to "an" insured. Pl.'s Mot. for Summ. J. 9-10, ECF No. 13. Kirk contends that the ambiguity centers on whether "an"—as used in the theft provision—constitutes a singular exclusion or a plural exclusion. *Id.* at 11. Kirk argues that a policy excluding coverage for theft committed by "an" insured should be read differently than a policy excluding coverage for theft committed by "any" insured.

Even if the policy's varying use of "the," "an," and "any" creates an ambiguity, Oregon's rules of interpretation require that the court consider the term "in the light of, among other things, the particular context in which that term is used in the policy and the broader context of the policy as a whole." *Hoffman*, 313 Or. at 470. Only then—and only if an ambiguity

---

[4] MOE also points out that Joli Kirk would have retained an insurable interest in any property awarded to her during the dissolution of the marriage, and the policy would have remained enforceable for her as to that property. Def.'s Resp. to Mot. for Summ. J. 3, ECF No. 17. Because ORS § 742.011 is not applicable here, I need not consider this argument.

7 – OPINION AND ORDER

remains—will the court interpret the term against the drafter. *Id.* In the context of the theft exclusion there is no ambiguity.

The theft exclusion denies coverage when property is stolen by "an" insured; only one insured need commit the theft for coverage to be barred for all policyholders. Kirk's interpretation requires the theft exclusion to only exclude coverage for theft "committed by the insured." In light of the specific provision at issue, this interpretation is implausible. As one cannot commit a theft of one's own property, Kirk's interpretation would render the exclusion meaningless. The provision unambiguously excludes coverage for theft committed by any insured.

Defendant cites a number of persuasive cases supporting this conclusion. Def.'s Resp. to Pl.'s Mot. for Summ. J. 4 n.5, ECF No. 17; *see e.g.*, *Thoele v. Aetna Cas. & Sur.*, 39 F.3d 724, 727 (7th Cir. 1994) ("exclusions for the intentional or dishonest acts of 'an' or 'any' insured operate to bar coverage for all insureds when one of them commits such an act"); *see also Allstate Ins. Co. v. Freeman*, 432 Mich 656, 660-61 (1989) ("We also hold that 'an insured' unambiguously refers to 'all' or 'any' insureds under the homeowner's policy."); *see also Johnson v. Allstate Ins. Co.*, 687 A2d 642, 644 (Me. 1997) ("[W]e hold that by excluding coverage for damages intentionally caused by 'an insured person,' Allstate unambiguously excluded coverage for damages intentionally caused by any insured person under the policy. 'An' is an indefinite article routinely used in the sense of 'any' in referring to more than one individual object."). In the case at hand, if a distinction between "an" and "any" exists within the theft exclusion, it is a distinction without a difference. Because no ambiguity exists, the Court need not address whether Oregon public policy favors interpretations that benefit "innocent co-insureds."

## CONCLUSION

For the reasons provided above, MOE's motion for summary judgment (ECF No. 15) is GRANTED.

IT IS SO ORDERED.

DATED this 31st day of July, 2019.

       /s/ Michael J. McShane     
Michael McShane
United States District Judge